[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11330
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00278-MHC-JKL-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN DAVID LATIMER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 1, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

John Latimer appeals his 300-month (25-year) sentence for producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). He argues that his sentence is substantively unreasonable (1) because the district court didn't correctly weigh the 18 U.S.C. § 3553(a) factors and failed to adequately consider his mitigating evidence, and (2) because his sentence creates an unwarranted sentencing disparity. After careful review, we affirm.

We review a final sentence for reasonableness, which equates to review for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1188–89 (11th Cir. 2008). A district court "imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*)). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted). The party challenging the sentence has the burden to show that the sentence is

2

unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  A sentence within the guidelines range is ordinarily reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Latimer initially contends that the district court erred in weighing 18 U.S.C. § 3553(a)'s factors and that it failed to consider his mitigating evidence.  Section 3553 requires the district court to impose a sentence that is "sufficient, but not greater than necessary to comply with" a list of specified purposes.  The statute sets out several factors the court must consider when imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a).  The weight accorded to any particular § 3553(a) factor is a matter committed to district court's sound discretion.  *Rosales-Bruno*, 789 F.3d at 1254 (quotation marks omitted).  The district court is not required to address each factor explicitly but need only acknowledge that it has considered the defendant's evidence and the § 3553(a) factors.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, the district court did not abuse its discretion in its consideration of the § 3553(a) factors. The district court weighed both the severity of Latimer's offense—sexually molesting his own daughter to produce child pornography in addition to possessing 5,661 images and 134 videos of adult males sexually abusing young girls—and mitigating factors—Latimer's background and acceptance of responsibility. Latimer has not shown a clear abuse of discretion by the district court simply because it weighed the relevant factors in a way that led to the imposition of a sentence greater than the one he advocated. Additionally, his sentence is below both the guidelines range and the statutory maximum, which indicates reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Latimer also contends that his 25-year sentence creates a sentencing disparity—in particular, that his sentence is out-of-line with those imposed on other similarly situated offenders. Latimer argues (1) that his 25-year sentence is too close to a 30-year sentence imposed in *United States v. Irey*, in which the defendant had sexually abused and tortured at least 50 victims over several years, 612 F.3d 1160, and (2) that his conduct is more in line with the conduct of defendants in two other district court cases that resulted in 18- to 20-year sentences.

4

When considering a claim of disparity, we first consider "whether the defendant is similarity situated to the defendants to whom he compares himself." *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). "A well-founded claim of disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted). The defendant has the burden of showing specific facts that establish the similar situation. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).

Latimer's sentencing-disparity argument fails. As for the district court cases he cites, he has not provided any specific facts about the defendants involved in them. All Latimer has offered regarding those cases are the crimes of  conviction, the resulting sentences, and a few barebones factual allegations; even taken together, that minimal information is insufficient for us to make a proper comparison. *See Azmat*, 805 F.3d at 1048 (noting that courts "need[] to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities" and that "[t]he underlying facts of the crime and all of the individual characteristics are relevant"). And as for *Irey*, Latimer is not similarly situated. For one thing, Latimer and Irey had different criminal history categories. *Irey*, 612 F.3d at 1169. For another, Irey's conduct of sexually torturing more than 50 young girls was so egregious that this Court found that a 210-month sentence was substantively unreasonable and ordered that the district court impose the

5

maximum sentence of 360 months. *Irey*, 612 F.3d at 1224-25. Here, by contrast, Latimer's 300-month sentence was well below the statutory maximum of 360 months. *See Croteau*, 819 F.3d at 1310 (holding that a sentence "well below the statutory maximum penalty" indicates reasonableness).

*  *  *

For the foregoing reasons, we reject Latimer's contentions that the district court failed to adequately weigh the § 3553 factors and that the sentence created a sentencing disparity.

**AFFIRMED.**